285 So.2d 344 (1973)
Bertha PAYTON, wife of/and Lovell Payton
v.
NEW ORLEANS PUBLIC SERVICE, INC.
Mrs. Lottie SHAVERS, wife of/and Robert Shavers
v.
NEW ORLEANS PUBLIC SERVICE, INC.
Nos. 5557, 5558.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1973.
Rehearing Denied November 30, 1973.
Writ Refused January 25, 1974.
*345 Robert T. Hughes, Garrett, Carl & Roussel, New Orleans, for plaintiffs-appellees Payton.
Harry J. Wheeler, Von Hoene, Becker & Garner, New Orleans, for plaintiffs-appellees Shavers.
A. R. Christovich, Jr., C. B. Ogden, II, New Orleans, for defendant-appellant.
Before REDMANN, SCHOTT and BAILES, JJ.
REDMANN, Judge.
Defendant in these consolidated suits appeals from a judgment which awarded personal injury damages to two paying passengers on defendant's public bus. Defendant addresses its appeal only to liability.
The bus had stopped, to let passengers on and off, in the parking lane of a multi-lane street, about 12' to 15' from its intersection with another multi-lane street with a wide neutral ground.
Before the driver began to move, he saw in the rear-view mirror an automobile in the adjacent lane (the farthest right of three traffic lanes) about 50' to the rear of the 40' bus. The driver did not wait for the approaching car to pass in order then to move into the traffic lane but began to drive ahead in the parking lane.
The driver testifies that the car gave no signal for a turn, not even when, as the bus reached the curb of the intersecting street, the car was approximately at the rear of the bus. But as the bus continued into the intersecting street (still in the projection of the parking lane), the car made a right turn in front of the bus, causing the driver to apply his brakes forcefully. Plaintiffs was injured when thrown forward.
Alphonse v. New Orleans Pub. Serv. Inc., 138 So.2d 610 (La.App.1962), on facts not fairly distinguishable from ours, held the bus company not liable. Defendant relies on Alphonse.
We note that the New Orleans City Code, § 38-91, (M.C.S.Ord.No.3816, § 1, of June 6, 1968), now provides "When parking is permitted in a lane of traffic immediately adjacent to the curb, no vehicle shall travel in such lane of traffic except for the purpose of stopping or parking, or for the purpose of making a turn, and when making a turn, only within fifty feet (50') from the intersection where the turn is to be made."
Alphonse obviously could not construe the 1968 ordinance, does not mention any earlier, similar ordinance, and must therefore be considered as inapplicable.
The obligation of the bus driver here was to move immediately into the moving traffic lane. Under the circumstances he would have had to wait for the approaching car to pass. His driving in the parking lane could only be legally done if he intended to make a right turn himself. Without exculpating the other driver, we agree with the district judge that defendant's fault in driving in a parking lane contributed to causing the accident.
The judgments are affirmed.