BOUTALL, Judge.
These consolidated suits arise from a collision between a New Orleans Public Service, Inc. bus and a Checker Cab Company taxi driven by Rodney Johnson. Suit 7896 was brought by Rodney Johnson against NOPSI for property damage and personal injuries. Suit 7897 was brought by a passenger on the bus, Alberta Jackson, against NOPSI, Checker Cab Company and Johnson. Suit 7898 was brought by another passenger on the bus, Keith Bernard, against NOPSI and Johnson. It was stipulated in this matter that Checker Cab Company would stand as defendant in place of Johnson. The trial court found the Checker Cab driver, Johnson, to be guilty of negligence which was the proximate cause of the collision and rendered judgment in favor of the bus passengers against Checker Cab Company, dismissing all plaintiffs’ suits against NOPSI. Checker Cab Company appeals.
At the trial, the parties stipulated as to the damages sustained by the passengers and as to the capacity of the various parties in suit. The issue presented was the negligence of NOPSI and of Checker Cab Company. With this procedural posture, Checker Cab Company asked for a continuance because of the absence of its driver, Rodney Johnson. Continuance was refused and trial was begun by Checker Cab Company. It is argued that the trial judge erred in this *36 ruling, relying on Code of Civil Procedure, Article 1602 which states:
“A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance.”
The record discloses that the trial judge found that the party seeking continuance had failed to exercise the due diligence in locating Johnson although it had known of the approaching trial date for a long period of time, and had some knowledge of where Johnson was working. We find nothing in the record which would indicate that this ruling was in error. We note that Johnson was both a plaintiff and a defendant in these suits, and indeed in one suit was a defendant without Checker Cab Company being joined. We agree with the trial judge in ordering the trial to proceed.
The trial proceeded with the Checker Cab Company calling the two plaintiff passengers as witnesses. The testimony of both of these witnesses were not favorable to the Checker Cab Company. Alberta Jackson testified that the bus was stopped at the bus stop when struck by the taxi cab, however the trial judge disregarded her testimony, considering it to be incoherent, and noting that she had apparently taken ill during the course of her testimony. Keith Bernard testified that although he did not see the taxi until immediately before the time of the impact, the bus had been stopped and moved forward only a little bit before the collision took place.
NOPSI also produced two witnesses, its bus driver Edward Foster, and another passenger, Oscar Williams. The bus driver testified that he was stopped on Canal Street at the intersection with Galvez Street to discharge and take on passengers and that the traffic signal for Canal Street was red at that time. After his passengers boarded the light turned green and he looked into his side view mirror to see the traffic situation. He saw the taxicab in the lane alongside the bus positioned somewhere between the middle and the rear of the bus. He noted that there was no indication of the taxi driver’s intent to make a turn, nor was any horn sounded. He therefore began to roll forward intending to let the taxi get ahead of him and eventually maneuver to enter the moving traffic lane. The bus stop is located some eight or nine feet back from the corner and he had stopped three or four feet back from that position. He rolled forward approximately 20 to 25 feet when the taxi made a sudden right turn in front of him and his left front collided with the right side of the taxi, approximately in the middle of Galvez Street. He had not yet attempted to change lanes from the parking lane into the outside traffic lane and did not anticipate any turn from the taxi. His testimony is substantially corroborated by Oscar Williams, who is not a party to this suit and was characterized by the trial judge as a disinterested witness.
In his reasons for judgment given from the bench, the trial judge found the testimony of the bus driver to be uncontradicted and to be corroborated by the witnesses’ testimony, found that the taxi took a right turn in front of the bus, and that the negligence of the taxi driver was the proximate cause of the collision. We are in full agreement with the finding of the trial judge as to the negligence of the taxi driver, but we differ with his application of the law as it applies to the bus driver.
We refer to the case of Payton v. New Orleans Public Service, Inc., 285 So.2d 344 (La.App. 4th Cir. 1973) recently decided by this court. In a quite similar factual situation, we found that the action of the bus driver in proceeding in the parking lane constituted negligence and found liability on the part of the public carrier in favor of its passengers. We are of the opinion that the same rule of law applies to this case.
We are also cognizant of the case of Alphonse v. New Orleans Public Service, Inc., 138 So.2d 610 (La.App. 4th Cir. 1962) in *37 which the facts were even closer to the situation here and in which we arrived at a different result. We note that in a recent case, Carter v. New Orleans Public Service, Inc., 305 So.2d 481 (La.1974), also arising from this circuit, the Supreme Court of Louisiana has apparently cited the Alphonse case with approval. As we pointed out in Payton, supra, we distinguish this case from the Alphonse case because of the intervening adoption of a City Ordinance in 1968 which makes the action of the bus driver illegal. Similarly there was no showing of illegal driving on the part of the bus operator in the Carter case.
For the above reasons, we hold that the bus operator was negligent in proceeding forward in. the parking lane when an overtaking vehicle was attempting to make a right turn, that this negligence is concurrent with that of the negligence of the overtaking vehicle who exhibited no signals, and that the negligence of both drivers caused the collision and the resulting injuries.
Accordingly, we would amend the judgment of the trial court to include New Orleans Public Service, Inc. as a defendant cast in judgment along with Checker Cab Company, in solido. Since the operator of the taxicab is guilty of contributory negligence, no recovery may be had by him or Checker Cab against New Orleans Public Service, Inc.
IT IS ORDERED that the judgment appealed from is now amended in cases # 7897 and 7898 to cast in judgment Checker Cab Company and New Orleans Public Service, Inc. in solido and as thus amended is affirmed.

AMENDED AND AFFIRMED.